IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE DANIEL,

    Plaintiff,

v.

SANTA ROSA JUNIOR COLLEGE,

    Defendant.

No. C 13-02426 JSW

**ORDER TO SHOW CAUSE REGARDING *COLORADO RIVER* DOCTRINE**

    Pursuant to the *Colorado River* doctrine, a federal court should, under certain circumstances, stay its proceedings in deference to similar proceedings pending in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). The Court "may invoke the *Colorado River* Doctrine *sua sponte*." *PrivacyWear, Inc. v. QTS & CFTC, LLC*, 2008 WL 4414994, *2 (C.D. Cal. Sept. 24, 2008) (citing *Atchison, Topeka and Santa Fe Ry. Co. v. Bd. of Equalization of the State of California*, 795 F.2d 1442, 1446-48 (9th Cir. 1986), *vacated on other grounds*, 828 F.2d 9 (1987) (raising *Colorado River* doctrine for the first time on appeal and instructing district court to stay action upon remand).

    In applying the *Colorado River* doctrine, district courts may stay or dismiss an action when there is a concurrent state proceeding involving the same matter and the existence of "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983). Under *Colorado River*, the Ninth Circuit requires a "substantial similarity" between the state and federal proceedings, but has noted that "exact parallelism" is not required. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

A court weighs several factors to determine whether to stay or dismiss an action pursuant to *Colorado River*: (1) whether a court has assumed jurisdiction over a res, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) whether state or federal law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate to protect the parties' rights. *Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 25-26). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash*, 882 F.2d at 1415 (quotations omitted).

In *Nakash*, individuals and their related corporate entities filed a state suit alleging state claims and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 888 F.2d at 1412-13. Later, the individuals filed a federal suit consisting of similar – but not identical – claims. *Id.* at 1413. The Ninth Circuit held that a stay was appropriate under *Colorado River* and noted that although the Supreme Court has held that federal courts have a "virtually unflagging obligation" to exercise jurisdiction, "this somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings." *Id.* at 1415 (citing *Colorado River*, 424 U.S. at 817).

The Ninth Circuit held that despite the lack of exact parallelism between the parties and actions, the actions were substantially similar because both involved disputes over the same conduct and an overlap of key parties. *Id.* at 1416-17. The court cited three relevant factors under *Colorado River*: (1) piecemeal litigation was likely to result given the state action's significant progression; (2) the presence of a federal-law issue (the RICO claim), though normally weighing in favor of federal jurisdiction, was less significant given the fact that law created concurrent jurisdiction over the issue; and (3) the state proceeding was adequate to protect the parties' rights. *Id.* at 1415-16.

Here, Defendants represent that before Plaintiff filed the action in this Court, Plaintiff filed an action in state court regarding the same incident addressed by the complaint in this action against the same defendants. However, it is not clear how far the action in state court has

progressed, whether proceeding simultaneously with both proceedings would lead to piecemeal litigation, or whether the state court proceeding would be adequate to protect the parties' rights. Accordingly, the Court Orders the parties to Show Cause ("OSC") in writing why this action should not be stayed or dismissed under the *Colorado River* doctrine. Plaintiff shall file a response to this OSC by no later than January 17, 2014. Defendants shall file a response by no later than January 31, 2014. The Court HEREBY CONTINUES the hearing on the pending motions to dismiss and to disqualify to March 7, 2014 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: January 9, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DANIEL, | Case Number: CV13-02426 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SANTA ROSA JUNIOR COLLEGE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Daniel
c/o Jeff Koors
217 Barnett Street
Santa Rosa, CA 95407

Dated: January 9, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk