**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE DANIEL,

    Plaintiff,

  v.

SANTA ROSA JUNIOR COLLEGE,

    Defendant.

No. C 13-02426 JSW

**ORDER REGARDING MOTIONS TO DISMISS AND MOTION TO DISQUALIFY**

Now before the Court are three motions to dismiss, one by defendants Sonoma County Junior College District, erroneously sued as Santa Rosa Junior College ("SRJC"), SRJC Officer Joseph Richards ("Richards"), and SRJC Officer Brittany Hawks ("Hawks") (collectively referred to as "SRJC Defendants"), one by defendants County of Sonoma (the "County"), Sonoma County District Attorney's Office (the "County DA Office"), Sonoma County District Attorney Jill R. Ravitch ("Ravitch"), the Sonoma County Sheriff's Office (the "Sheriff's Office"), Sonoma County Sheriff Steve Freitas ("Freitas"), and Sonoma County Assistant Sheriff Randall Walker ("Walker") (collectively referred to as "County Defendants"), and one by defendants Superior Court of California for the County of Sonoma ("Sonoma Superior Court"), Sonoma County Judge Bradford DeMeo ("Judge DeMeo"), and Sonoma County Judge Gregory M. Caskey ("Judge Caskey") (collectively referred to as "Sonoma Court Defendants"). Also before the Court is the motion to disqualify filed by Plaintiff George Daniel ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the

1  hearing set for March 7, 2014 is VACATED. Having considered the parties' pleadings and
2  relevant legal authority, the Court hereby (1) grants in part and denies in part the SRJC
3  Defendants' motion to dismiss, (2) grants in part and denies in part the County Defendants'
4  motion to dismiss, (3) grants the Sonoma Court Defendants' motion to dismiss, and (4) denies
5  Plaintiff's motion to disqualify.

**BACKGROUND**

On May 29, 2013, Plaintiff filed this action to challenge the events surrounding his arrest on May 26, 2012 and subsequent imprisonment. He contends that the Court has jurisdiction, *inter alia*, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.

On May 26, 2012, Richards and Hawks arrested Plaintiff and brought him to a facility he refers to as the Sonoma County Main Adult Detention Facility ("MADF"). (Compl., ¶ 58.) Plaintiff alleges that his arrest was unlawful and that he was required to provide identification in violation of the Fourth Amendment. (*Id.*) He further alleges that on July 18, 2012, Judge Caskey ordered him into custody for five days for contempt of court because Plaintiff refused to accept a public defender as his attorney. (*Id.*, ¶ 63.)

Although it is difficult to decipher precisely what facts Plaintiff alleges, he appears to contend that Richards and Hawks arrested him for violating California Penal Code § 148 when he refused to provide identification. (*Id.*, ¶ 70.) Plaintiff contends that there was no probable cause to arrest or detain him. (*Id.*, ¶ 129.) Plaintiff alleges that he continually demanded to be taken before a magistrate judge for a probable cause hearing. Richards and Hawks, who Plaintiff refers to as the "Kidnappers," took Plaintiff to MADF. (*Id.*, ¶¶ 92-93.)

Plaintiff was repeatedly asked for identifying information, such as his first and last name, his address, and his birth date. (*Id.*, ¶ 99.) Plaintiff was told that the booking process could not be completed and he would be kept in a holding cell until he answered the questions. (*Id.*, ¶ 101.)

Plaintiff alleges that he was tortured when he was held with tight griping hands around his arms and his arms were twisted. He was pushed and fell to the ground from the pain. (*Id.*, ¶

2

103.) Unspecified agents twisted his arms even more forcefully, as well as his legs. Another agent "dug a knee" into his back. (*Id.*, ¶ 104.)

Plaintiff was then brought to and left in a holding cell. His clothing was stripped off and he was left with a small blanket. Plaintiff began developing bed sores. (*Id.*, ¶¶ 107, 109.) Plaintiff was later provided with prison clothing and taken to a "regular" cell. (*Id.*, ¶ 114.)

Plaintiff was released on May 29, 2012 and estimates that he spent 68 hours in jail. (*Id.*, ¶ 116.)

Plaintiff alleges that a formal complaint was not filed until June 6, 2012, which he contends was outside of the 72-hour period required by law. (*Id.*, ¶ 118.) He further appears to allege that the criminal complaint against him was not properly supported by oath or affirmation and that the criminal complaint was dismissed when the "DA exceeded the time to bring a misdemeanor case to trial." (*Id.*, ¶¶ 69-70.)

On June 26, 2012, Plaintiff was arraigned. Judge DeMeo presided. (*Id.*, ¶¶ 136-156.) Plaintiff attended another hearing on July 18, 2012. Judge Caskey presided and sent Plaintiff to jail for five days for contempt of court based on Plaintiff's refusal to agree to the appointment of a public defender. (*Id.*, ¶¶ 157-174.) Plaintiff spent a night in jail. (*Id.*, ¶ 177.)

Plaintiff bring four claims. The first is labeled violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and appears to allege that defendants violated the Due Process Clause. (*Id.*, ¶¶ 191-201.) The second is labeled false arrest, false imprisonment and alleges that he was arrested and detained without probable cause. Plaintiff references 42 U.S.C. § 1983. (*Id.*, ¶¶ 203-209.) His third claim is labeled excessive force and references the Fourth Amendment. (*Id.*, ¶¶ 211-219.) His fourth claim is labeled violation of the Eight Amendment - cruel and unusual punishment. (*Id.*, ¶¶ 221-228.) Plaintiff also references the Sixth Amendment. (*Id.*, ¶ 30.)

Plaintiff seeks damages, including punitive damages, and an injunction enjoining Defendants from contacting Plaintiff for any reason unless a Defendant personally witnesses Plaintiff commit a felony. (*Id.*, pp. 44-45.)

///

# ANALYSIS

**A.      Legal Standards Applicable to Motion to Dismiss.**

Defendants move to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: cases involving diversity of citizenship, or those cases involving a federal question, or where the United States is a party. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, as is the case here, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at

4

570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Defendants' Motions to Dismiss.**

Plaintiff references 42 U.S.C. § 1983 ("Section 1983"), but appears to assert claims for violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. However, Section 1983 provides the exclusive remedy for claims alleging violations of federal constitutional rights. *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003)); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").[1] Because Plaintiff is *pro se*, the Court will construe the complaint as asserting claims directly under Section 1983 for the alleged constitutional violations.

**1.     The Sonoma Court Defendants' Motion to Dismiss.**

The Sonoma Court Defendants move to dismiss on the grounds that Plaintiff's complaint against them is barred by the Eleventh Amendment. The Eleventh Amendment bars suits seeking damages against the State, including an "arm of the state" such as a state agent or agency. *See, e.g., Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). "The

---

[1] Plaintiff references 42 U.S.C. §§ 1985 and 1986 as a basis for jurisdiction, but does not appear to bring claims under these statutes. To the extent that he intended to bring such claims, he fails to allege facts sufficient to state a claim under either statute. To the extent Plaintiff attempts to state a claim under Section 1985(3), he fails to allege facts that show he is a member of a protected class. *See Sever v. Alaska Pulp Corporation*, 978 F.2d 1529, 1536 (9th Cir. 1992) (a plaintiff must allege that the deprivation of the right in question was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'"); *see also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992) ("'the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights'" ) (quoting *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987)). If a plaintiff fails to state a claim for relief under Section 1985, a claim under Section 1986 also fails. *See Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984).

ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). The Sonoma Court is an agency of the State and is thus immune from suit. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[S]tate case law and constitutional provisions make clear that the Court is a State agency.")

Further, the State cannot be construed as a person for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Title 42 U.S.C. § 1983 provides, in relevant part, that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party." 42 U.S.C. § 1983 (emphasis added). "Accordingly, only those governmental entities which are 'persons' within the meaning of § 1983 can be held liable under § 1983." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1442-43 (9th Cir. 1989). "States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes are not persons within the meaning of § 1983." *Id.* at 1443 (citation and internal quotation marks omitted).

The Eleventh Amendment also bars suits against state officials where the state is the real party in interest. *Bair v. Krug*, 853 F. 2d 672, 675 (9th Cir. 1988). In *Bair*, the court held that the Eleventh Amendment barred claims against three state officials because the plaintiffs sought only retroactive relief and did not name the officials in their individual capacities. *Id.* The court reiterated the general rule that a state is the real party in interest where "the judgment sought would expend itself on public treasury or domain, or interfere with the public administration ...." *Id.* (citing *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984)).

Here, Plaintiff fails to specify whether he sues the individual defendants in their official capacity, individual capacity, or both. To the extent Plaintiff sues Judge DeMeo and Judge Caskey for damages in their official capacity, his claims are barred by the Eleventh Amendment.

6

1 To the extent Plaintiff sues Judge DeMeo and Judge Caskey in their individual capacity, his claims are still barred, but by a different doctrine. His claims against these defendants are barred by the doctrine of judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id.* (internal citation omitted). Thus, "absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform." *Forrester v. White,* 484 U.S. 219, 227 (1988).

An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362. To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Having again reviewed the allegations in the complaint, the Court concludes that each of the four factors set forth above demonstrates that Plaintiff's allegations against Judge DeMeo and Judge Caskey arise from acts relating to the judicial process and not in excess of the judges' jurisdiction. Accordingly, Plaintiff's claims against Judge DeMeo and Judge Caskey are barred. The Court, thus, grants the Sonoma Court Defendant's motion to dismiss. Moreover, Plaintiff's claims against the Sonoma Court Defendants are dismissed with prejudice because any further amendment would be futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is properly denied where the amendment would be futile).

7

### 2. The County Defendants' Motion to Dismiss.

#### i. The County DA Office and Ravitch.

The County Defendants move to dismiss Plaintiff's complaint against the County DA Office and Ravitch on the grounds that they are immune from suit. Absolute or "quasi-judicial" immunity protects a prosecutor from civil, monetary liability for injuries that arise out of the prosecutor's execution of duties that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The immunity is quasi-judicial because it protects prosecutors when they make discretionary judgments, similar to those made by a judge, on the basis of evidence presented to them. *Id.* at 423 n. 20. Judges are accorded an absolute immunity for "acts committed within their judicial jurisdiction" because it serves the public interest to have judges who are at liberty to exercise their functions with independence and without fear of consequences. *Id.* at 418-19 n. 13 (internal citations omitted). Similarly, in the prosecutorial context, absolute immunity: (1) allows prosecutors to "focus their energies on prosecuting rather than defending lawsuits;" (2) enables prosecutors to "exercise independent judgment in deciding which suits to bring and conducting them in court;" (3) preserves "the criminal justice system's function of determining guilt or innocence by ensuring that triers of fact are not denied relevant (although sometimes conflicting) evidence because of prosecutors' fear of suit;" and (4) ensures fairness to defendants "by enabling judges to make rulings in their favor without the subconscious knowledge that such ruling could subject the prosecutor to liability." *Id.*

Prosecutors who seek absolute immunity bear the burden of proof. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Prosecutors enjoy a presumption of qualified rather than absolute immunity. *Id.* at 268; *Imbler*, 424 U.S. at 430. Absolute immunity only applies to a prosecutor's "special functions," *i.e.* those functions closely associated with the prosecutor's duties as an advocate for the State. *Id.* The inquiry into which functions are prosecutorial and thus immune focuses on the nature of the function performed rather than the identity of the actor who performed it. *Buckley,* 509 U.S. at 269. Nor should any weight be given to prosecutorial intent in the immunity inquiry. *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.

1986) (en banc). The issue is not the harm that the conduct may have caused, but the nature of the conduct for which immunity is claimed. *Buckley,* 509 U.S. at 271. So long as the prosecutor is acting in his role as an advocate for the State, his actions are protected, even if his actions are malicious or dishonest. *Imbler,* 424 U.S. at 428.

It is well-established that a prosecutor is absolutely immune for initiating a prosecution and presenting the State's case. *Id.* at 431. In addition, a prosecutor is absolutely immune when: deciding whether or not to prosecute, *Roe v. City and County of San Francisco,* 109 F.3d 578, 583 (9th Cir. 1997); preparing and filing an information and a motion for an arrest warrant, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); preparing for trial, *Broam v. Bogan,* 320 F.3d 1023, 1028-29 (9th Cir. 2003); and appearing in court to argue a motion, *Burns v. Reed,* 500 U.S. 478, 492 (1991). A prosecutor's immunized duties will involve actions preliminary to the initiation of a prosecution and acts apart from the courtroom. *Imbler,* 424 U.S. at 431 n. 33.

Moreover, a prosecutor is absolutely immune from claims that the prosecutor failed to investigate the accusations against a defendant before filing charges; for the knowing use of false testimony at trial; and for deciding not to preserve or turn over exculpatory material. *See Broam*, 320 F.3d at 1029-1030 (internal citations omitted) (summarizing several circuit court opinions upholding absolute prosecutorial immunity in cases where a prosecutor was sued for deliberately withholding exculpatory evidence or using perjured testimony); *see also Marlowe v. Coakley,* 404 F.2d 70, 70 (9th Cir. 1968) (holding that absolute immunity barred appellant's Section 1983 claims against district attorney and his assistants for knowingly and willfully presenting perjured testimony to a grand jury); *Atkins v. Lanning,* 556 F.2d 485, 488 (9th Cir. 1977) (holding a district attorney was absolutely immune for his failure to verify that the proper person was named in the indictment). "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty, but the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." *Imbler*, 424 U.S. at 427.

Here, all of Plaintiff's allegations against the County DA Office and Ravitch relate to the filing of criminal charges against him. The County DA Office and Ravitch's decision to file

9

1  criminal charges against Plaintiff is absolutely immune. Therefore, the Court dismisses
2  Plaintiff's claims against them. Moreover, these claims are dismissed with prejudice because
3  any further amendment would be futile. *DeSoto*, 957 F.2d at 658. Plaintiff cannot set forth any
4  facts that would establish the County DA Office's and Ravitch's liability for prosecuting him.

### ii. The Sheriff's Office, Freitas, and Walker.

Next the County Defendants argue that the Sherrif's Office and the Sheriff and Assistant Sheriff Freitas and Walker are considered state actors when they are acting in their law enforcement capacity and are thus immune under the Eleventh Amendment. However, the Ninth Circuit ruling in *Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001) forecloses this argument. In *Brewster*, the Ninth Circuit held that California sheriffs act on behalf of the county, not the state, when they perform law enforcement duties. *Id.*; *see also Cortez v. County of Los Angeles*, 294 F.3d 1186, 1189-1191 (9th Cir. 2002) (finding that the sheriff acted on behalf of the County in role as administrator of the county jail).

The Court notes that the California Supreme Court disagreed with the Ninth Circuit's ruling in *Brewster* and determined that California sheriffs act as state officers while performing such duties. *See Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 839 (2004). District courts within California have split on the issue of whether *Brewster* remains good law in light of *Venegas*. *Compare*, *e.g.*, *Walker v. County of Santa Clara*, 2005 WL 2437037, *4 (N.D. Cal. Sept. 30, 2005) *with Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 900-902 (N.D. Cal. 2013). However, this Court must follow the published decision in *Brewster* "unless and until overruled by a body competent to do so." *Gonzales v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012). The determination of whether an official acts on behalf of a state or a county for purposes of liability under Section 1983 "is one of federal law." *Streit v. County of Los Angeles*, 236 F.3d 552, 560 (9th Cir. 2001). Although the inquiry is dependent upon an analysis of the officials functions under state law, as the Ninth Circuit emphasized, it is the federal court's understanding of the actual function of the official that is determinative. *Weiner v. San Diego County*, 210 F.3d 1025, 1029 (9th Cir. 2000); *see also Streit*, 236 F.3d at 560 (holding that the appellants erred by urging that only state law controls the determination of whether an

10

official acts on behalf of a state or county and that "federal law provides the rule of decision in section 1983 actions."). Although state law may be instructive, "state law does not control [federal courts] interpretation of a federal statute. *Streit*, 236 F.3d at 560; *see also Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d at 901 ("In determining whether a local officer or entity is performing a state function, a federal court must conduct its own analysis of state law."). Therefore, this Court is not at liberty to disregard *Brewster* based on the California Supreme Court's disagreement with its holding.

Based on the *Brewster*, the Court finds that Freitas and Walker were acting as county employees and are thus not immune from suit under the Eleventh Amendment. Therefore, the County's motion to dismiss as to Freitas and Walker is denied.

### iii. The Sheriff's Office and the County.

The Sheriff's Office is an agency of the County and, thus, it is not a proper defendant. Instead, the County is the proper defendant. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing an agency of the county with prejudice because "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not."). Therefore, the Court dismisses the Sheriff's Office with prejudice.

Plaintiff does, however, allege sufficient facts to state a claim against the County under Section 1983. In order for the County to be liable under Section 1983, Plaintiff must allege that: (1) he had a constitutional right of which he was deprived; (2) the City had a custom created by those who may be fairly said to determine official policy, which amounted to, at a minimum, deliberate indifference to Plaintiff's constitutional rights; and (3) the custom was the moving force behind the constitutional violation. *See Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Upon review of the complaint, including the attached exhibits, the Court finds that Plaintiff has sufficiently alleged a claim against the County under Section 1983 for violation of his rights under the Fourth Amendment. Accordingly, the motion to dismiss is denied with respect to the County.

///

11

///

### iv. Plaintiff's State Law Claims.

The County Defendants also move to dismiss Plaintiff's state law claims. Plaintiff does not specify in his complaint whether his claims are premised on federal or state law. However, in response to the County's motion to dismiss, Plaintiff clarifies that he does not assert any state law claims. (Opp. to the County Defendants' Mot. to Dismiss at 9.) Therefore, the County's motion to dismiss Plaintiff's state law claims is denied as moot.

### 3. The SJRC Defendants' Motion to Dismiss.

The SJRC Defendants move to dismiss on the grounds that Plaintiff's complaint against the SRJC and against Richards and Hawks in their official capacity is barred by the Eleventh Amendment. As discussed above, the Eleventh Amendment bars suits seeking damages against the State, including an "arm of the state" such as a state agent or agency, as well as officials sued in their official capacity. *See, e.g., Durning*, 950 F.2d at 1422-23; *Bair*, 853 F. 2d at 675. The Ninth Circuit has made clear that "community college districts are dependent instrumentalities of the state of California," and are thus immune under the Eleventh Amendment. *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994). Accordingly, Plaintiff's claims against the SRJC and against Richards and Hawks in their official capacity are dismissed with prejudice.

The SRJC Defendants also argue that Plaintiff's claims against Richards and Hawks in their individual capacity fail because he has not alleged facts sufficient to state any claim. As discussed above, the Court construes Plaintiff's complaint as asserting his claims for constitutional violations as though they were properly brought under Section 1983.

With respect to Plaintiff's claim that his Fourth Amendment rights were violated, the County makes factual arguments that are not properly considered on a motion to dismiss.

12

Plaintiff alleges that he was arrested without probable cause and that the officers used excessive force. Such allegations are sufficient to state a claim.[2]

With respect to Plaintiff's claims that are premised on the Fifth Amendment, Plaintiff does not specify on which provision of the Fifth Amendment he relies. To the extent he is seeking to bring a claim for violation of due process, he must proceed under the Fourteenth Amendment, not the Fifth. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment ... apply only to actions of the federal government – not to those of state or local governments."). The other provisions of the Fifth Amendment do not appear applicable to Plaintiff's allegations. Therefore, the Court dismisses Plaintiff's claims to the extent they are premised on the Fifth Amendment. To the extent Plaintiff intended to bring a claim for violation of due process pursuant to the Fifth Amendment, such a claim is dismissed with prejudice because Plaintiff does not name any federal defendants. To the extent Plaintiff intended to allege a violation of a different provision of the Fifth Amendment, the Court will provide Plaintiff with leave to amend to clarify the basis of such a claim.

The Sixth Amendment protections do not apply until a criminal prosecution has commenced. *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 198 (2008) ("The Sixth Amendment right of the 'accused' to assistance of counsel in 'all criminal prosecutions' is limited by its terms: it does not attach until a prosecution is commenced. .... We have, for purposes of the right to counsel, pegged commencement to the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.") (internal quotation marks and citations omitted). According to Plaintiff's allegations, Richards and Hawks were involved with the alleged arrest, not the prosecution or court proceedings. Therefore, Plaintiff cannot state such a claim against Richards or Hawks and the Court, thus, dismisses his claims against Richards and Hawks with prejudice to the extent they are premised on the Sixth Amendment.

---

[2] The County further argues that Plaintiff does not allege personal participation in any of the alleged constitutional violations by Hawks. However, upon review of the complaint, the Court finds otherwise.

13

"The Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence.'" *Lee*, 250 F.3d at 686 (quoting *Graham v. Connor,* 490 U.S. 386, 393 & n. 6 (1989)). As Plaintiff alleges, the charges against him were dismissed. Because Plaintiff was not convicted and sentenced, the Eighth Amendment is inapplicable. Therefore, the Court dismisses any claims premised on the Eighth Amendment with prejudice.

To the extent Plaintiff's claims are premised on alleged violations of the Fourteenth Amendment, Plaintiff does not clearly allege the basis for such a claim. Moreover, it is not clear whether he intended to assert a procedural due process claim or a substantive due process claim. To the extent he intended to bring a substantive due process claim, such a claim for any alleged pretrial deprivations of liberty must be brought under the more specific constitutional amendment – the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273-274 (1994); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (Fourth Amendment governs excessive force claims). Therefore, any claim for violation of substantive due process under the Fourteenth Amendment is dismissed with prejudice.

However, it is not clear whether Plaintiff also intended to bring a procedural due process claim under the Fourteenth Amendment. "A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The SJRC Defendants argue that Plaintiff failed to state a claim for a procedural due process claim. Therefore, the Court will not address this issue at this time. If Plaintiff elects to file an amended complaint, Plaintiff shall clarify the factual basis of any claim premised on a violation of procedural due process under the Fourteenth Amendment. Plaintiff shall specify what liberty or property interest of which he alleges he was deprived and what process he alleges that he did not receive.

Finally, the SRJC Defendants move to "dismiss" Plaintiff's prayer for attorneys' fees, punitive damages, and injunctive relief. Although such a request is more properly brought pursuant to a motion to strike, the Court will address the substance of whether Plaintiff may obtain attorneys' fees, punitive damages, and/or injunctive relief because Plaintiff had an

14

opportunity to respond to the SRJC Defendants' arguments. A *pro se* non-attorney party is not entitled to attorneys' fees under 42 U.S.C. § 1988. *Kay v. Ehrler,* 499 U.S. 432, 435 (1991). Accordingly, the Court strikes Plaintiff's prayer for attorneys' fees. Because the Court has dismissed Plaintiff's claims under Section 1983 against the SRJC with prejudice, the Court need not address Plaintiff's prayer for punitive damages against the SRJC.

Plaintiff seeks an injunction enjoining Defendants from contacting him for any reason unless a Defendant personally witnesses Plaintiff commit a felony. Plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief)). When a plaintiff seeks prospective relief, in order to establish standing, he or she must show that there is "a likelihood of future injury." *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (internal quotations and citations omitted); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (plaintiff must show that he or she is "realistically threatened by a *repetition* of the violation") (internal citations and quotations omitted, emphasis in original). "Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 564 (internal quotations omitted). Here, Plaintiff has not alleged facts showing that he has Article III standing to pursue injunctive relief. *See, e.g., Jenkins v. Apple, Inc.*, 2011 WL 2619094 at *2 (N.D. Cal. July 1, 2011); *cf. Cattie v. Wal-Mart Stores*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007). Moreover, even if he could allege facts showing that a likelihood of future injury, he does not seek a proper injunction to address his alleged constitutional deprivations. Accordingly, the Court strikes Plaintiff's prayer for injunctive relief.

**C.     Plaintiff's Motion to Disqualify.**

Plaintiff seeks to disqualify all counsel for all defendants on the grounds that they have not provided admissible evidence of their authority to represent defendants or of their authority to practice law in this Court. Plaintiff does not provide any authority in support of his motion.

15

Nor does he submit any evidence that would tend to suggest any of the Defendants' counsel are not licensed attorneys or are practicing without the consent of their clients. In the absence of any evidence of wrongdoing, there is no basis to disqualify counsel. Accordingly, the Court denies Plaintiff's motion to disqualify.

## CONCLUSION

For the foregoing reasons, the Court hereby (1) GRANTS IN PART and DENIES IN PART the SRJC Defendants' motion to dismiss, (2) GRANTS IN PART and DENIES IN PART the County Defendants' motion to dismiss, (3) GRANTS the Sonoma Court Defendants' motion to dismiss, and (4) DENIES Plaintiff's motion to disqualify. Plaintiff's claims against the Sonoma Court Defendants, the County DA's Office, Ravitch, the Sheriff's Office, the SJRC, and Richards and Hawks in their official capacity are dismissed with prejudice. The Court also dismisses with prejudice Plaintiff's claims to the extent they are premised on the Sixth or Eighth Amendments.

The Court denies the motions to dismiss Plaintiff's Section 1983 claim for violation of the Fourth Amendment against the County, Freitas, Walker, and Richards and Hawks in their individual capacity.

To the extent Plaintiff seeks to bring a claim under 42 U.S.C. §§ 1985, 1986, a Section 1983 claim for a deprivation of procedural due process under the Fourteenth Amendment or for violation of the Fifth Amendment against Freitas, Walker, or Richards and Hawks in their individual capacity, the Court is providing Plaintiff with leave to amend. Plaintiff shall file an amended complaint, if any, by no later than March 21, 2014.

**IT IS SO ORDERED.**

Dated: February 27, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

16

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DANIEL,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA ROSA JUNIOR COLLEGE et al,<br><br>    Defendant._____/ | Case Number: CV13-02426 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 27, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Daniel
c/o Jeff Koors
217 Barnett Street
Santa Rosa, CA 95407

Dated: February 27, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk