UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DANIEL,<br>    Plaintiff,<br>v.<br>JOSEPH RICHARDS, et al.,<br>    Defendants. | Case No. 13-cv-02426-VC<br><br>**ORDER**<br>Re: Dkt. Nos. 78, 79 |

This case stems from the arrest and subsequent detention of Plaintiff George Daniel. Daniel alleges that the Santa Rosa Junior College police officers who arrested him, as well as the officers of the Sonoma County Main Adult Detention Facility, where he was detained, violated his civil rights. Based on these alleged violations, Daniel brings claims under Title 42, United States Code, Sections 1983, 1985, and 1986. On May 9, 2014, Santa Rosa Junior College officers Joseph Richards and Brittany Hawks ("the SRJC defendants") moved to dismiss and strike portions of Daniel's second amended complaint. On May 15, 2014, Sheriff Steve Freitas, Assistant Sheriff Randall Walker, and the County of Sonoma ("the County defendants") also moved to dismiss the second amended complaint. Both motions are granted in part and denied in part.

## DISCUSSION

**A. County Defendants' Request for Reconsideration**

Judge White denied the County defendants' previous motion to dismiss Daniel's *Monell* claim based on alleged violations of his Fourth Amendment rights in the detention facility. (*See* Docket No. 53). He also permitted Daniel to proceed on his Fourth Amendment claims against Freitas and Walker in their individual as well as official capacities. (*See id.*). The County defendants urge this Court to reconsider Judge White's rulings. They did not, however, seek leave to file a motion for reconsideration as required by Local Rule 7-9(a). Nor did they identify "a material difference in fact or law from that which was presented to the Court" in their first motion

1   to dismiss, "new material facts or a change of law" that occurred since the order on that motion
2   was issued, or a "manifest failure by the Court to consider material facts or dispositive legal
3   arguments which were presented to" it in the first motion. *See* Local Rule 7-9(b).  Rather, the
4   County defendants merely repeat the arguments presented in their first motion to dismiss.  Under
5   these circumstances, the Court declines to reconsider Judge White's ruling.

6   The County defendants also argue that Judge White, in his order, must have held that
7   Freitas and Walker could not be sued in their individual capacities. (County Mot. Dismiss 7).  To
8   the contrary, Judge White's order held, without qualification, that "the County's motion to dismiss
9   as to Freitas and Walker is denied." (Docket No. 53, at 11). Judge White's conclusion that Daniel
10  could proceed "against the County, Freitas, Walker, and Richards and Hawks in their individual
11  capacity," (*id.* at 16), was based on his holding that Richard and Hawks, as state officials, were
12  immune from suit in their official capacity under the Eleventh Amendment and therefore could
13  only be sued in their individual capacities. (*See id.* at 12). Judge White's ruling did not limit
14  Daniel's ability to sue Freitas and Walker.

15  To be clear, Daniel may sue Freitas and Walker in their individual capacities for violations
16  of his Fourth Amendment rights that took place while he was detained, so long as those
17  violations—and Freitas and Walker's involvement in them—are sufficiently alleged.  A supervisor
18  may be held individually liable for a constitutional violation not only where the supervisor was
19  "personally involved in the constitutional deprivation," but also where "there is a sufficient causal
20  connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*
21  *v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks omitted).  Daniel alleges
22  that Freitas, as Sheriff, and Walker, as manager of the detention facility, propagated a policy of
23  "tortur[ing] prisoners when they do not cooperate." (*See, e.g.*, SAC ¶ 203).  Since Judge White
24  has already found that Daniel sufficiently alleged such a policy, Daniel may proceed against
25  Freitas and Walker in their individual (and official) capacities for implementing it. *See Hansen v.*
26  *Black*, 885 F.2d 642, 646 (9th Cir. 1989) ("Supervisory liability exists even without overt personal
27  participation in the offensive act if supervisory officials implement a policy so deficient that the
28  policy itself is a repudiation of constitutional rights and is the moving force of the constitutional

2

1  violation." (internal quotation marks omitted)).

### B. Section 1985 and 1986 Claims

Daniel claims that the SRJC defendants and the County defendants, in addition to actually violating his civil rights during his arrest and detention, unlawfully conspired to violate those rights. (*See* Second Am. Compl. ("SAC") ¶¶ 155-56). But Daniel does not allege the defendants were "motivated by some racial, or . . . otherwise class-based, invidiously discriminatory animus." *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Nor does he allege facts that would make plausible the claim that there was "an agreement or meeting of the minds" among the defendants to violate his constitutional rights. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). He therefore does not state a claim for conspiracy under 42 U.S.C. § 1985. And because the conspiracy claim fails, so too does Daniel's claim that the defendants unlawfully failed to intervene to prevent a conspiracy in violation of 42 U.S.C. § 1986. *See Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984) ("Because plaintiffs failed to state a claim under section 1985(2), the district court also properly dismissed the claim under section 1986.").

### C. Fifth Amendment Claim

Daniel does not allege a plausible Fifth Amendment claim. To the extent he seeks to base such a claim on a violation of his equal protection or due process rights, it fails because the defendants are not federal officers. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Any equal protection or due process violations, therefore, would fall under the Fourteenth, not the Fifth Amendment. To the extent Daniel alleges a Fifth Amendment violation based on the defendants' alleged failure to read him his *Miranda* rights, the claim fails because Daniel was not subject to interrogation, so *Miranda* does not apply. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (holding that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming *from custodial interrogation* of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination" (emphasis added)). Daniel's Fifth Amendment claim is therefore dismissed.

### D. Fourteenth Amendment Claims

*1. Equal Protection*

3

Daniel alleges that by arresting him, the SRJC defendants deprived him of equal protection in violation of the Fourteenth Amendment. Daniel does not allege he was subject to discrimination based on membership in a protected class. Rather, he appears to assert a "class of one" claim—a claim that he was treated differently than others similarly situated to him. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478 (9th Cir. 2008). He contends that "[o]ther people who are similarly situated and are seen travelling by bicycle at night are not molested, accosted, detained and arrested by police officers and agencies." (SAC ¶ 169). This contention is conclusory. Daniel does not plead any facts that would demonstrate that other bicyclists who were not arrested were, in fact, similarly situated to him. *See, e.g., Todd v. Briesenick*, No. 13-CV-0753 (KJM) (KJN), 2013 WL 2151658, at *5 (E.D. Cal. May 16, 2013) (granting motion to dismiss where "plaintiff [did] not provide specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons"); *Nails v. Haid*, No. 12-CV-0439 (GW) (SS), 2013 WL 5230689. at *5 (C.D. Cal. Sept. 17, 2013) ("[A] claim that other law-abiding persons were not subject to unlawful treatment does not state a class of one equal protection claim." (internal quotation marks omitted)); *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . . . Therefore, we believe a meaningful application of the 'similarly situated' requirement is important to avoiding a distortion of the scope of protection in 'class of one' equal protection claims."). Nor does Daniel allege facts that would demonstrate that any difference in treatment "was intentionally directed just at him, as opposed to being an accident or a random act." *N. Pacifica LLC*, 526 F.3d at 486 (internal quotation marks and alteration omitted). Daniel's equal protection claim therefore fails.

*2. Due Process*

Daniel alleges a plausible procedural due process claim against Freitas, Walker, and the County. California law provides that "[t]he officer in charge of a jail, or a person the officer designates, in which an arrested person is held in custody *shall* assist the arrested person or the arrested person's attorney in contacting the magistrate on call as soon as possible for the purpose of obtaining release on bail." Cal. Pen. Code § 810 (emphasis added). This mandatory language suggests that Daniel had a liberty interest in being taken before a magistrate that "was entitled to

4

the procedural protections of the Due Process Clause." *See Carlo v. City of Chino*, 105 F.3d 493, 497 (9th Cir. 1997) (internal quotation marks omitted); *Damon v. Sandefur*, No. 12-CV-00030 (GF) (SEH), 2012 WL 6771855, at *3 (D. Mont. Dec. 10, 2012). Daniel alleges that Freitas and Walker are in charge of the detention facility in which he was held, that he was not taken before a magistrate after he was detained, and that the detention facility had a policy that "ignores and sets aside the requirement to take prisoner[s] before a magistrate." (SAC ¶¶ 55, 171, 203). These allegations are sufficient to state a claim against Freitas, Walker, and the County for violation of Daniel's procedural due process rights. They are not, however, sufficient to state a claim against the SRJC defendants. California law applies to "[t]he officer in charge of a jail," not an arresting officer. Cal. Pen. Code § 810(c). Therefore, Daniel could have no liberty interest in the SRJC officers obeying this statute.

None of Daniel's other allegations states a claim under the Due Process Clause. The failure to permit a detainee to make a phone call for forty hours could constitute a due process violation. *See Carlo*, 105 F.3d at 499-500. But Daniel does not allege that Freitas or Walker personally denied him use of a telephone. Nor does he allege that the County or the detention facility had a policy mandating such denial. Therefore, these defendants cannot be sued on this basis.

Daniel's allegations that the SRJC officers searched him, seized his property, and arrested him without probable cause and that the officers used excessive force when arresting him state a claim under the Fourth Amendment (as incorporated by the Fourteenth Amendment), not the Due Process Clause. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994). Similarly, the allegations about his treatment in the detention facility are also more properly considered Fourth Amendment claims, rather than substantive due process claims. Freitas, Walker, and the SRJC officers' alleged refusal to provide Daniel their names does not infringe any constitutional interest. *See Nash v. Vancouver Police Dep't*, No. 10-CV-5055 (RBL), 2010 WL 2720842, at *9 (W.D. Wash. July 8, 2010) *aff'd,* 457 F. App'x 651 (9th Cir. 2011) ("[N]othing in the U.S. Constitution grants . . . the right to obtain such information."). And as explained above, Daniel was not subject to interrogation, so *Miranda* does not apply, and in any event, *Miranda* rights arise under the Fifth

5

1    Amendment privilege against self-incrimination, not the Due Process Clause.  *See United States v.*

2    *Williams*, 435 F.3d 1148, 1151 (9th Cir. 2006).  Finally, Daniel's allegation that the defendants

3    "never served [him] notice," (SAC ¶ 180), is too vague to support a claim.  Daniel does not allege

4    what notice he should have been served or how he was injured by not receiving it.   The due

5    process claims—both procedural and substantive—are therefore dismissed as to the SRJC

6    defendants.  So too are the due process claims against the County defendants, with the exception

7    of that based on their alleged failure to bring him before a magistrate.

### E.  Counts Three and Four of the Second Amended Complaint

In Counts Three and Four of his second amended complaint, Daniel alleges claims for false arrest, false imprisonment, and excessive force.  As noted above and in the Court's previous opinion, Daniel has stated plausible claims against both the SRJC officers and the County defendants for violation of his Fourth Amendment rights.  The allegations in these counts will be construed as supporting those claims.

### F.  Motion to Strike

The SRJC defendants' motion to strike is granted.  Daniel has repeatedly disavowed any intent to raise state law claims in this action.  References to fraud are therefore irrelevant.  As the Court previously held, Daniel may not obtain injunctive relief.  Nor may he assert a claim under the Fourth Amendment for violation of his due process rights.  Finally, for the reasons explained above, Daniel does not plausibly allege either a Fifth Amendment or a substantive due process claim.  These references are therefore properly stricken.

## CONCLUSION

The SRJC defendants' motion to strike is granted.  The SRJC defendants' motion to dismiss is granted in part and denied in part, as is the County defendants' motion to dismiss.  Daniel may proceed with his Fourth Amendment claims against the SRJC defendants in their individual capacity, Freitas and Walker in both their individual and official capacities, and the County of Sonoma.  In addition, Daniel may proceed on his procedural due process claim against the County defendants, solely to the extent that it is based on the failure to bring him before a magistrate. Daniel's other Fourteenth Amendment claims are dismissed.  So too are his claims under 42

U.S.C. §§1985 and 1986, as well as his Fifth Amendment claim. Because the Court has previously identified the deficiencies in Daniel's complaint and because Daniel has already been given two opportunities to amend his complaint, the Court finds that amendment would be futile. *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1173 (9th Cir. 2013). These claims are therefore dismissed with prejudice.

Each side is directed to separately file a proposed case management schedule by July 3, 2014. Each proposed case management schedule must include a trial date in February or March 2015, and all key deadlines should be based on that trial date. The trial, and all discovery leading up to the trial, will be limited to the question whether the individual defendants violated Daniel's constitutional rights in their arrest and detention of him. It will not include any *Monell* claims. All discovery or litigation on Daniel's *Monell* claims is stayed pending the outcome of the claims that a constitutional violation was committed in the first instance.

**IT IS SO ORDERED.**

Dated: June 17, 2014

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DANIEL,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH RICHARDS, et al.,<br><br>    Defendants. | Case No. 13-cv-02426-VC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Daniel
c/o Jeff Koors
217 Barnett Street
Santa Rosa, CA 95407

Dated: 6/18/2014

                              Richard W. Wieking
                              Clerk, United States District Court

                              By:_____
                              Kristen Melen, Deputy Clerk to the
                              Honorable VINCE CHHABRIA